Robert Henry Weliever
*(full name/prisoner number)*
c/o (MCCJC) 1415 Albion Ave
Burley Idaho 83318
_____
*(complete mailing address)*

U.S. COURTS
APR 18 2019
Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROBERT HENRY WELIEVER,
*(full name)*
        Plaintiff,

v.

MINIDOKA COUNTY MAGISTRATE COURT;
State Prosecutor, Lance David
Stevenson; Magistrate Judge,
Rick L. Bollar, District Judge,
Johnathon Brody
        Defendant(s).

*(if you need additional space, use a blank page for a continuation page)*

Case No. 4:19-CV-137-DCN
*(to be assigned by Court)*

PRISONER COMPLAINT

Jury Trial Requested: ☒ Yes    ☐ No

## A. JURISDICTION

The United States District Court for the District of Idaho has jurisdiction over my claims under:
*(check all that apply)*:

- ☒ 42 U.S.C. § 1983 *(applies to state, county, or city defendants)*
- ☐ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 *(applies to federal government defendants only)*
- ☐ Other federal statute *(specify)* _____; or diversity of citizenship.
- ☒ I also ask the federal court to exercise supplemental jurisdiction over state law claims.

## B. PLAINTIFF

My name is Robert Henry Weliever. I am a citizen of the State of Idaho,

presently residing at Mini Cassia Criminal Justice Center_____.

PRISONER COMPLAINT - p. 1_                                                         *(Rev. 10/24/2011)*

## C. DEFENDANT(S) AND CAUSE(S) OF ACTION

*(Copy and use a separate page for each defendant and each different type of claim; for example, if you have two different claims against one defendant, you will use two pages. Attach a continuation page if needed, but try to be brief.)*

1. I am suing **Minidoka County Magistrate Court** who was acting as **Judiciary**
   (defendant)                                                                  (job title, if a person; function, if an entity)

   for the **Minidoka County Courts**.
   (state, county, city, federal government, or private entity performing a public function)

2. *(Factual Basis of Claim)* I am complaining that on **09/19/2018 - 10/17/2018**, Defendant did
   **(Case No. CR34-18-3382; CR34-18-3711)**                (dates)
   the following *(state how Defendant participated in the violation and include the reason Defendant so acted if known)*:
   Failed to over see the proceedings and actions of State prosecutor Lance David Stevenson; Magistrate Judge Rick L. Bollar which caused violation(s) of Court Rules and Constitutional Rights of the Plaintiff. The defendant was negligent in stopping or fixing the violations when the court continued the Plaintiffs Preliminary hearing without the plaintiff being present and the Courts failure to provide Council/Attorney to represent the plaintiff at the preliminary Hearing which was continued to 10/17/2018 extending the time by 14 days. An action that exceeded the statutory period for preliminary hearing by 14 days for persons "in custody"; Compromising speedy trial deadline; Continued to be negligent while plaintiffs Bond Release was Revoked And no due process for finding of violations were valid. (Due Process)

3. *(Legal Basis of Claim)* I allege that the acts described above violated the following provisions of the Constitution, federal statutes, or state laws:
   Fifth Amendment; Sixth Amendments of U.S.C., FRCP Rule 11 §5.1(c); (d), Fourteenth Amendment of U.S.C.; Id.Const. Art. I §1,§13;§18, Statutes: §19-804,852;§51-1603; IRCP (?)
   ICR; Title II 5.1(A)

4. I allege that I suffered the following injury or damages as a result:
   Anxiety, substancially interfered with Mental Health recovery (PTSD), Depression and Migrain Headaches; Seriously interferes with life and liberty. Disrupts employment; or educational gain, draining any finacial resources; or opprotunity for finacial gain and living security; or housing, curtailed associations, and subjects the plaintiff to public obloquy.

5. I seek the following relief: **$2000.00 for 28 days plaintiff was held in custody with out Council/Attorny or preliminary hearing Total of ($56,000.00) $100,000.00 for Due Process violation (Bond Revocation) Total of ($156,000.00)**

6. I am suing Defendant in his/her ☐ personal capacity *(money damages from Defendant personally)*, and/or
   ☒ official capacity *(seeking an order for Defendant to act or stop acting in a certain way; or money damages from an entity because of Defendant's acts, as allowed by law)*; or ☒ Defendant is an entity *(government or private business)*.

7. For this claim, I exhausted the grievance system within the jail or prison in which I am incarcerated.
   ○ Yes ☒ No. If "Yes," briefly explain the steps taken to exhaust; if "No," briefly explain why full jail or prison grievance remedies were not exhausted. **NONE INSTITUTIONAL CLAIM; NO remedies to grieve and exhaust to My Knowlege.**

PRISONER COMPLAINT - p. 2                                                                (Rev. 10/24/2011)

## C. DEFENDANT(S) AND CAUSE(S) OF ACTION

*(Copy and use a separate page for each defendant and each different type of claim; for example, if you have two different claims against one defendant, you will use two pages. Attach a continuation page if needed, but try to be brief.)*

1. I am suing <u>Lance David Stevenson</u>, who was acting as <u>Prosecutor</u>
   (defendant)                 (job title, if a person; function, if an entity)

   for the ~~State of Idaho~~ <u>County of Minidoka</u>
   (state, county, city, federal government, or private entity performing a public function)

2. *(Factual Basis of Claim)* I am complaining that on <u>09/19/2018 - 10/17/2018</u>, Defendant did (Case No. CR34-18-3382; CR34-18-3711) (dates)
   the following *(state how Defendant participated in the violation and include the reason Defendant so acted if known)*:
   <u>Violated rights acting as prosecutor in Criminal cases CR34-18-3382; CR34-18-3711 by going ~~forward with~~ continuing a Preliminary hearing after the 14 days statutory period for preliminary hearing, extending the time 14 days later leaving the plaintiff to wait in custody for ~~14 days~~ 28 days. Plaintiff did not agree to any extention, did not have appointed council and was not present at the hearing. The defendants actions ~~also suppose and~~ is Also compromizing the plaintiffs Right to speedy trial. By dismissing the complaint on the 28th day and refiling the claim on the same day, delaying the preliminary another 14 days, Total of 42 days ~~only~~ delay</u>

3. *(Legal Basis of Claim)* I allege that the acts described above violated the following provisions of the Constitution, federal statutes, or state laws:
   <u>Fifth, Sixth, Fourteenth Amendments of U.S.C. FRCP title II §5.1(c);(d); Idaho Const. Art.I §1, §13; 18, § statuts §19-804, 852; §1-1605; ICR Title II 5.1(d)</u>

4. I allege that I suffered the following injury or damages as a result:
   <u>Anxiety, substancially interfers with mental Health recovery (PTSD), Depression and migrain headaches; Seriously interfers with life and liberty. Disrupts employment; or educational gain, draining any financial resources; or opportunity for finacial gain and living security; or housing; Curtailes associations, and subjects the plaintiff of public obloquy.</u>

5. I seek the following relief: <u>$56,000.00 (official capacity)</u>

6. I am suing Defendant in his/her ☐ personal capacity *(money damages from Defendant personally)*, and/or ☒ official capacity *(seeking an order for Defendant to act or stop acting in a certain way; or money damages from an entity because of Defendant's acts, as allowed by law)*; or ☒ Defendant is an entity *(government or private business)*.

7. For this claim, I exhausted the grievance system within the jail or prison in which I am incarcerated. ☐ Yes ☒ No. If "Yes," briefly explain the steps taken to exhaust; if "No," briefly explain why full jail or prison grievance remedies were not exhausted. <u>NONE INSTITUTIONAL CLAIM; No remedies to grieve and exhaust to my knowlege.</u>

PRISONER COMPLAINT - p. 2            (Rev. 10/24/2011)

## C. DEFENDANT(S) AND CAUSE(S) OF ACTION

*(Copy and use a separate page for each defendant and each different type of claim; for example, if you have two different claims against one defendant, you will use two pages. Attach a continuation page if needed, but try to be brief.)*

1. I am suing **Rick L. Bollar** *(defendant)*, who was acting as **Judge (Magistrate Court)** *(job title, if a person; function, if an entity)*

for the **County of Minidoka**
*(state, county, city, federal government, or private entity performing a public function)*

2. *(Factual Basis of Claim)* I am complaining that on **09/19/2018 - 10/17/2018** (case No. CR34-18-3382; CR34-18-3711), Defendant did *(dates)*
the following *(state how Defendant participated in the violation and include the reason Defendant so acted if known)*:
Conducted a court proceeding which the plaintiff was not present, plaintiff did not have council to represent him. Plaintiff did not agree to or waive his right to council or give permission to extend the time period of his preliminary hearing; plaintiff was in custody for 28 days without a preliminary hearing or council. Resulting in a 42 day delay for a preliminary hearing. Defendant after 28 days of plaintiff waiting in custody then raised his bond released him on (O.R.) with restrictions to submit to 2 random Drug test per week at the Misdemeanor Probation office at the plaintiff time and own expence. Plaintiff request to test at Another/different Court authorized Certified testing Services, Defendant denied his request without explination or consideration. Abusing discretion.

3. *(Legal Basis of Claim)* I allege that the acts described above violated the following provisions of the Constitution, federal statutes, or state laws:
Fifth, Sixth, Fourteenth Amendments of U.S.C. F.R.C.P. Title II §5.1(c);(d) : Idaho Const. Art I § 1, §13; 18, ; Idaho Statutes §19-804, 852; §1-1603; ICR Title II 5.1(a)

4. I allege that I suffered the following injury or damages as a result:
Anxiety, substancally interfers with mental Health recovery (PTSD), Depression and migrain head aches Seriously interfers with life; liberty. Disrupts employment; or educational gain, draining any financial resources; or opprotunity for financial gain and living security; or housing; curtailes associations, and subjects the plaintiff of public obloquy

5. I seek the following relief: **$56,000.00 (official capacity); $5,000.00 (personal capacity)**

6. I am suing Defendant in his/her ☒ personal capacity *(money damages from Defendant personally)*, and/or ☒ official capacity *(seeking an order for Defendant to act or stop acting in a certain way; or money damages from an entity because of Defendant's acts, as allowed by law)*; or ☒ Defendant is an entity *(government or private business)*.

7. For this claim, I exhausted the grievance system within the jail or prison in which I am incarcerated. ○ Yes ☒ No. If "Yes," briefly explain the steps taken to exhaust; if "No," briefly explain why full jail or prison grievance remedies were not exhausted. **NONE INSTITUTIONAL CLAIM; No remedies to grieve and exhaust to my knowlege.**

PRISONER COMPLAINT - p. 2_ *(Rev. 10/24/2011)*

## C. DEFENDANT(S) AND CAUSE(S) OF ACTION

*(Copy and use a separate page for each defendant and each different type of claim; for example, if you have two different claims against one defendant, you will use two pages. Attach a continuation page if needed, but try to be brief.)*

1. I am suing __Johnathan Brody__, who was acting as __Judge (District Court)__
   (defendant)                                          (job title, if a person; function, if an entity)

   for the __County of Minidoka__.
   (state, county, city, federal government, or private entity performing a public function)

2. *(Factual Basis of Claim)* I am complaining that on __January 07, 2019 - Current date(s)__ Defendant did (Case No. CR34-18-3711) (dates)
   the following *(state how Defendant participated in the violation and include the reason Defendant so acted if known)*:
   Revoked defendants Bond Release for Allegations of Court Compliance violations; The plaintiff appeard to his Scheduled hearing on 01/7/19 And was arrested and taken into Custody. Honorable Brody Raised plaintiffs Bond from $5,000°° to $75,000°° and ordered plaintiff to drug test (2) times per week if he posted Bond. These Actions violates the plaintiff's Due process; equal protection, and excessive Bond with out cause. Abusing Authoritive discression. The defendant did not Allow the plaintiff Any evendentry hearing or process of Law to Challenge the validity of of the Allegations of violating Court orders; or "Court Compliance" requirments. Leaving plaintiff to stay in custody with no hope for making Bond and no chance to defend himself and possibly have his Bond release Reinstated.

3. *(Legal Basis of Claim)* I allege that the acts described above violated the following provisions of the Constitution, federal statutes, or state laws: Fifth, Sixth; Fourteen Amendments of U.S.C. ~~[struck out]~~ Idaho Const. Art. 1, §1, §13; §18

4. I allege that I suffered the following injury or damages as a result:
   Anxiety, substancally interfers with mental Health Recovery: (PTSD), Depression; Migrain head Aches Seriously interfers with life; liberty. Disrupts employment; or housing. Curtailes associations and Subjects plaintiff of public obloquy. Disrupts educational gain, draining any finacial resources; or opprotunity for finacial gains and living securities.

5. I seek the following relief: $100,000°° (official capacity); $75,000°° (personal capacity)

6. I am suing Defendant in his/her [X] personal capacity *(money damages from Defendant personally)*, and/or [X] official capacity *(seeking an order for Defendant to act or stop acting in a certain way; or money damages from an entity because of Defendant's acts, as allowed by law)*; or [X] Defendant is an entity *(government or private business)*.

7. For this claim, I exhausted the grievance system within the jail or prison in which I am incarcerated. ○ Yes [X] No. If "Yes," briefly explain the steps taken to exhaust; if "No," briefly explain why full jail or prison grievance remedies were not exhausted. NONE INSTITUTIONAL CLAIM; No remedies to grieve and exhaust to my knowlege.

PRISONER COMPLAINT - p. 2_                                      *(Rev. 10/24/2011)*

## D. PREVIOUS OR PENDING LAWSUITS

I have pursued or am now pursuing the following other lawsuits: *(include (1) all lawsuits in state or federal court related to the subject matter of this action, and (2) any federal court civil rights lawsuits, related or unrelated, and note whether you have received a strike under 28 U.S.C. § 1915(g) for filing a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted.)*

| Court | Case No. | Case Name | Status of Case | Strike? |
|---|---|---|---|---|
| IDOC | 4:14-cv-00302 REB | Weliever v. Heward | Closed | No |

## E. REQUEST FOR APPOINTMENT OF ATTORNEY

I do ☒ do not ☐ request that an attorney be appointed to represent me in this matter. I believe that I am in need of an attorney for these particular reasons which make it difficult for me to pursue this matter without an attorney:

History of Mental Health illnesses [(PTSD), Seizure Disorder, Migrain Headaches (currently taking medications for); Recovering IV Drug user] Previouse diagnosises And History: (ADHD) Anxiety, Depression; Suicidal behaviors... (I struggle with focusing and completing tasks that require reading and comprehending complex duties such as litigating this law suit; Memory loss)

## F. DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury:

that I am the plaintiff in this action, that I have read the complaint, and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621; and

that I deposited this complaint postage prepaid in a United States postal depository unit on ___N/A___ *(date)*; OR that I gave the complaint to prison officials for mailing and filing with the Clerk of Court under the indigent inmate policy on _____ *(date)*; OR *(specify other method)* ___N/A___.

Executed at Mini Cassia Criminal Justice Center (MCCJC) ___4/3/19___
(Location) (Date)

___Rober Weliever___
Plaintiff's Original Signature

Note: Fill in the page numbers. Keep one copy of the complaint for yourself (or you may send a copy to the Clerk of Court with your original complaint so that the Clerk can stamp the date and case number on the copy and return it to you), but do not send extra copies of the complaint to the Court for Defendants or otherwise. Do not attach original exhibits to your complaint, such as your only grievance copy. Do not attach more than 25 pages of exhibits. If you have more exhibits, wait until the Court determines you can proceed and then seek leave to file them for an appropriate purpose. After your complaint has been filed, it must be reviewed by a federal judge to determine whether you can proceed.

## NOTICE THAT CASE WILL BE ASSIGNED TO
## A UNITED STATES MAGISTRATE JUDGE
## AND CONSENT FORM

In accordance with District of Idaho General Order No. 237, the Clerk of Court automatically assigns all pro se cases to one of the United States Magistrate Judges, using a random assignment system. Assignment to a Magistrate Judge means that the Judge will conduct all proceedings in the case, including trial and entry of final judgment.

Exercise of this jurisdiction by a United States Magistrate Judge is, however, permitted only if all parties file a written consent form, a copy of which is part of this notice. If all parties do not consent, then the case will be reassigned to a District Judge to conduct all proceedings.

All consents and requests for reassignment to a District Judge are handled separately by the Clerk of Court, rather than by the Judges' staff. The District's docketing procedures are structured to keep the consent process confidential. Therefore, your decision to consent or request reassignment will have no effect on the resolution of your case.

However, a Magistrate Judge's trial docket is generally less crowded than those of the District Judges, because District Judges have the additional duty of presiding over federal felony criminal trials, which must take precedence over civil cases because of the speedy trial rights involved. Therefore, consenting to proceed before a Magistrate Judge often means your civil case (including habeas corpus and civil rights cases) will be resolved more quickly than if it is assigned to a District Judge.

## CONSENT TO THE EXERCISE OF JURISDICTION
## BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and District of Idaho General Order No. 237, the undersigned party to this case consents to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, and order the entry of a final judgment.

| Name | Signature | Date |
|---|---|---|
| Robert Henry Wellever | Robert Wellever | 4/3/19 |

PRISONER COMPLAINT - p. 4_                                                        (Rev. 10/24/2011)